# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TAYR KILAAB AL GHASHIYAH (KHAN),<br><br>                Plaintiff,<br><br>v.<br><br>CATHY JESS, ET AL.,<br><br>                Defendants. | Case No. 21-CV-1479-JPS<br><br><br>**ORDER** |

On December 29, 2021, various defendants removed this case from Kenosha County Circuit Court pursuant to 28 U.S.C. §§ 1441, 1446. ECF No. 1. Named defendants include the Wisconsin Department of Corrections ("DOC") and 56 other individuals who are current and former employees of the DOC. *See* ECF No. 1-1. On January 5, 2022, twenty-three of those defendants—Cathy Jess, James Schwochert, Jason Jackson, Department of Corrections, Kathryn Gyr, Nevin Webster, Yana Pusich, Vickie Reisen, Tonia Moon, Gary Boughton, Mark Kartman, Ellen Ray, William Brown, Angela Buss, Nicholas Moris, Andrew Hulce, Jeremy McDaniel, Daniel Leffler, Rebecca Kennedy, Tara Fredlund (now Tara Miller), Lynn Washetas, Jodie Beloungy, and Tim Thomas ("Defendants")—filed a motion to dismiss various claims. ECF No. 5. Counsel for Defendants indicated that as of January 5, 2022, no other defendants had been served in this matter. ECF No. 6. at 2. No other defendants have appeared since that date.

On January 7, 2022, Plaintiff filed a motion of objections, ECF No. 9, and a motion for substitution of judge, ECF No. 10. On February 1, 2022,

Defendants filed an amended motion to dismiss various claims. ECF No. 17. Defendants' amended motion to dismiss does not include a brief in support and appears to be identical to the original motion, aside from including federal and local rules. *See id.* The Court will address each outstanding issue in turn.

1. **SERVICE**

As indicated above, it appears from the docket that over half of the named defendants in this matter have yet to be served. Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The ninety-day service deadline has long since expired; there is no evidence that many defendants have been served. As a result of the removal of this case to federal court, it is unclear from the docket who has been served in this matter. As such, the Court will require that, **within fourteen (14) days of the entry of this Order**, Plaintiff must provide evidence of service of the defendants who have not yet appeared or otherwise explain why good cause exists to extend the Rule 4(m) deadline. Failure to do so will result in dismissal of any unserved defendants without prejudice and without further notice. *See* Fed. R. Civ. P. 4(m).

2. **REMOVAL OBJECTION - REMAND**

As indicated above, Defendants removed this case from Kenosha County Circuit Court on December 29, 2021, pursuant to 28 U.S.C. §§ 1441,

1446. ECF No. 1. On January 7, 2022, Plaintiff filed a motion of objections, objecting to the removal, which the Court liberally construes as a motion to remand under 28 U.S.C. § 1447(c). ECF No. 9. Plaintiff indicates that he did not receive a formal notice of the transfer and requests that the case be returned to state court. *Id.* A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). 28 U.S.C. § 1446(c). Plaintiff complied with this deadline with his objection filed on January 7, 2022.

Removal to federal court requires the defendants seeking removal to promptly provide notice of removal to all adverse parties and to the clerk of the state court. 28 U.S.C. § 1446(d). Defendants indicate that Plaintiff was mailed a copy of the Notice of Filing of Notice of Removal to Federal Court that was filed with Kenosha County, and a Notice of Removal to Federal Court that was filed in federal court. ECF No. 13; *see also* ECF No. 1-3. Plaintiff did not reply to Defendants' response that notice was provided. As such, the Court finds that Defendants complied with the notice of removal requirement and that removal was proper. The Court will accordingly deny Plaintiff's motion of objections, construed as a motion to remand.

3. **SUBSTITUTION OF JUDGE**

Plaintiff requests substitution of judge based on the Court's "appearance of bias and prejudice." ECF No. 10. Both 28 U.S.C. § 144 and § 455(b)(1) require a judge to disqualify himself from deciding a case if he has a "personal prejudice or bias" concerning a party. Plaintiff's motion notably fails to comply with the requirement in § 144 requiring an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. "A trial judge has as much obligation not to recuse himself

Page 3 of 7
Case 1:21-cv-01479-JPS   Filed 08/09/22   Page 3 of 7   Document 18

when there is no occasion for him to do so [under § 144] as there is for him to do so when the converse prevails." *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 717 (7th Cir. 2004) (quoting *United States v. Ming,* 466 F.2d 1000, 1004 (7th Cir.1972)). Plaintiff's conclusory statement of bias and prejudice fails to present any basis for recusal under § 144.

Similarly, § 455(a) requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (REHNQUIST, C.J., respecting recusal). This is an objective inquiry. *Id.* The Court must look at any potential conflicts or bias "from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Id.* There is nothing in Plaintiff's motion that would cause a "reasonable observer who is informed of all of the surrounding facts and circumstances" to question the Court's impartiality. Therefore, there is no basis for recusal under 28 U.S.C. § 455. As such, the Court will accordingly deny Plaintiff's motion for substitution of judge.

4.  **MOTION TO DISMISS**

In order to become more efficient in the utilization of its limited resources, the Court has adopted new protocols designed to meaningfully address dispositive motions:

> If dispositive motions are contemplated, the parties are directed to meet and confer prior to filing such a motion with the goal of preparing but a single, agreed-upon narrative of material facts for submission to the Court. For summary judgment motions, the parties must meet and confer at least 30 days prior to filing the motion. The agreed-upon statement of material facts must contain pinpoint citations to the record. Any disputed facts must be itemized and supported by each party's separate pinpoint citation to the record. Itemized disputed facts may not exceed one (1) page. In order to

determine which facts are material for a given case, counsel must draw upon both relevant case authority and relevant jury instructions. If the parties cannot agree upon a set of facts, or if any of the disputed facts are material, then summary judgment is not appropriate. Fed. R. Civ. P. 56(a). In short, simply because an attorney can submit a motion for summary judgment does not mean that they are obliged to do so.

If a party elects to submit a motion for summary judgment, they must be mindful of each of the following constraints. Parties may cite no more than ten (10) cases per claim on which the party moves for summary judgment; responses are also limited to ten (10) cases per claim. Reply briefs must conform with Civil Local Rule 56(b)(3) and may not address issues beyond the scope of the opposition brief. Additionally, though it should go without saying, the parties must have actually read the cases to which they cite. No string citations will be accepted.

Similarly, if the defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. The defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and the plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it also grants leave to amend; therefore, it is in the interest of all parties to discuss the matter prior to filing such motions. Briefs in support of, or in opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted.

Thus, in accordance with these new protocols, the Court will order the parties to comply with the meet-and-confer obligation, as detailed above. The parties' briefing on the motion to dismiss thus far demonstrates that a meet and confer in this instance would be particularly beneficial. Defendants seek dismissal of various claims based on seven different

distinct legal arguments, ECF No. 6, and Plaintiff's opposition appears to only respond to some of those arguments, *see* ECF No. 14. Additionally, a meet and confer would be beneficial in light of the many defendants in this action who may have not been served yet; an amended complaint may clear up many issues in this case going forward.

For now, the Court will deny the pending motion to dismiss and amended motion to dismiss without prejudice. If the parties are not able to resolve these concerns without the Court's intervention, they must refile their motion with a joint certification stating that they have complied with the meet-and-confer obligation. Only then will the Court consider the substance of a motion to dismiss.

5.  **CONCLUSION**

For the reasons explained above, the Court will deny, without prejudice, the pending motion to dismiss and amended motion to dismiss until the parties comply with the meet-and-confer requirement described herein. Additionally, the Court will require Plaintiff to notify it within fourteen (14) days of the status of service upon the defendants who have not yet appeared in the case. Finally, the Court will deny Plaintiff's motion for objection and motion for substitution of judge.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss, ECF No. 5, and amended motion to dismiss, ECF No. 17, be and the same are hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that, **within fourteen (14) days of the entry of this Order**, Plaintiff must provide evidence of service of the defendants who have not yet appeared or otherwise explain why good

cause exists to extend the Federal Rule of Civil Procedure 4(m) deadline for service;

**IT IS FURTHER ORDERED** that Plaintiff's motion of objections, ECF No. 9, construed as a motion to remand, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for substitution of judge, ECF No. 10, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of August, 2022.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge